PHILADELPHIA AND READING RAILWAY COMPANY, RE-
SPONDENT, v. TOWNSHIP OF WOODBRIDGE ET AL.,
APPELLANTS.

Argued July 5, 1917—Decided November 19, 1917.

1. When property which is owned by a railroad corporation has
   been acquired and is held for a railroad use to which it is intended
   to be subjected in the near future, it is property used for railroad
   purposes within the meaning of the Railroad Tax law (*Comp.
   Stat.*, *p*. 5260, § 445), although such use has not actually been
   begun, and, consequently, is taxable under that act and not under
   the General Tax law of the state.
2. The provisions of the General Tax law of the state, requiring a
   dissatisfied taxpayer to seek redress by appeal to the state board
   of equalization of taxes before applying to the courts for relief,
   were not intended to prevent the Supreme Court from exercising,
   by *certiorari*, its discretionary power of supervision *in limine*
   where no question of valuation is presented but simply an inquiry
   into the legality of the tax.

On appeal from the Supreme Court.

For the appellants, *J. H. Thayer Martin*.

For the respondent, *Frank S. Katzenbach, Jr.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.  The Philadelphia and Read-
ing Railway Company sued out a writ of *certiorari* to test the
validity of a tax assessed, by the taxing authorities of Wood-
bridge township, upon certain cross-ties belonging to the
company which were being treated in a creosoting plant lo-
cated in Woodbridge township, and operated by the Reading
Company in conjunction with the Central Railroad Com-
pany of New Jersey.  The ties were shipped by the Reading
Company to the plant solely for the purpose of treatment,
and when creosoted were to be promptly distributed along
the company's right of way, some of them to be used on that
portion of the railroad which is located in this state, and

others to be used outside of the state. The tax was assessed upon the whole mass of ties, without regard to their intended use in the roadbed.

The Supreme Court held that the action of the township authorities in levying this tax was without legal warrant, and ordered it set aside. The township appeals.

Under our system of taxation the property of railroad corporations, personal as well as real, used for railroad purposes within the borders of the state, is not taxable by the authorities of the taxing district in which it is located, but by the state board of taxes and assessments, the tax being levied by this latter body for state uses. Railroad Tax act, *Comp. Stat., p.* 5260. This is conceded on behalf of the township, but it attempts to justify its action upon the theory that the property on which it levied the tax was not at that time used for railroad purposes, and, consequently, was taxable by the local, not the state, authorities.

That the ties in question were not *actually* in use for railroad purposes on the taxing date is apparent from what has already been stated. The primary question, therefore, is what is the scope to be given to the words "used for railroad purposes" as this phrase appears in section 1 of the Railroad Tax act? That question, however, is no longer an open one. Since the decision by this court in 1892 of the case of *United New Jersey Railroad and Canal Co. v. Jersey City,* 55 *N. J. L.* 129, it has been consistently held, whenever the matter has come up for judicial consideration, that property owned by a railroad corporation, which has been acquired and is held for a railroad use *to which it is intended* to be subjected in the near future, is property used for railroad purposes within the meaning of the Railroad Tax law, although such use has not actually been begun; and, therefore, is taxable under that act, and not under the General Tax law of the state.

The situation then is this: an undisclosed portion of the property upon which the tax was assessed is not subject to local taxation; and the act of the officers of Woodbridge township in attempting to impose a tax thereon was in viola-

tion of the right of the state to tax the property for state uses. It may be conceded, for present purposes, that the ties which were intended for use outside the state were subject to taxation by the local authorities, but that fact cannot legalize their action in attempting to impose a tax upon the whole mass of the property. What the local assessors should have done was to have ascertained what proportion of these ties were intended to be used outside of New Jersey, and what proportion within the state, and to levy the local tax accordingly. The fact that this would have been difficult (if such be the fact) affords no justification for the attempt to interfere with the collection of state revenues by the state board, and to appropriate such revenues to the use of the township.

The only other matter presented by the appellant is one of procedure. Its claim is that the *certiorari* was improvidently allowed because, by the General Tax laws of the state, a dissatisfied taxpayer must first seek redress by appeal to the state board of equalization of taxes before applying to the courts for relief. We concur in the view expressed by the Supreme Court upon this point, viz., that the statutory provisions appealed to were not intended to prevent the Supreme Court from exercising its discretionary power of supervision *in limine* where no question of valuation is presented, but simply an inquiry into the legality of the tax.

The conclusion which we reach, therefore, is that the judgment of the Supreme Court must be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, BERGEN, HEPPENHEIMER, WILLIAMS, JJ. 7.

*For reversal*—BLACK, WHITE, JJ. 2.